# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

DEVONTE B. HARRIS,

    Plaintiff,

v.

KEITH HIGGINS, *et al.*,

    Defendants.

Case No. 2:08-cv-01711-LDG

**ORDER**

### I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend

a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because the Complaint may possibly be saved by amendment.

**Analysis**

To sustain an action under section 1983, a plaintiff must show: "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted); West v. Atkins, 487 U.S. 42, 48 (1988). Mere allegations that a right secured by a state law has been violated do not satisfy the first element of a claim under § 1983. Lovell v. Poway Unified School District, 90 F.3d 367, 370-71 (9th Cir. 1996).

A. Plaintiff's Eighth Amendment Claims Are Dismissed, With Leave To Amend

Plaintiff alleges that defendants Rasmussen, Lesane, Carlson, Higgins, Watcher, Brown and Chastain violated his rights under the Eighth Amendment to the United States Constitution.

An officer's use of excessive force violates the Eighth Amendment only when the inmate is subjected to the "unnecessary and wanton infliction of pain." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). To decide whether force inflicts "unnecessary and wanton" pain, courts must determine "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. "The Eighth

Amendment's prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10 (internal citations omitted).

A prison official may also violate the Eighth Amendment by failing to intervene when fellow officers use excessive force. *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (internal citations omitted).

    1.    Plaintiff's Count One Eighth Amendment excessive force claim against defendants Rasmussen, Lesane and Carlson are dismissed, with leave to amend.

Plaintiff alleges that, on March 29, 2005, during a pat-down search for contraband, he challenged Lesane to show him a "rule in the rulebook." Lesane subsequently ordered Plaintiff be taken to a holding cell. Plaintiff alleges he was tackled to the ground by Rasmussen and Carlson and other correctional officers and placed into handcuffs. Rasmussen and Carlson then took Plaintiff by the arms to escort him to the holding cell. While escorting Plaintiff, Rasmussen and Carlson twisted Plaintiff's index finger and thumb to force Plaintiff to let go of his pants, so that Lesane could pull Plaintiff's pants up. Carlson subsequently placed his baton between Plaintiff's arm and side, and twisted the baton. Plaintiff alleges he experienced extreme pain. Plaintiff does not allege that the defendants' conduct was unnecessary to maintain discipline.

    2.    Plaintiff's Count Two Eighth Amendment excessive force claim against defendant Higgins is dismissed, with leave to amend.

Plaintiff alleges that on January 4, 2006, an associate warden ended a committee meeting. Plaintiff alleges he nevertheless continued to straddle a chair and to ask questions. As Plaintiff was being escorted away, he alleges Higgins threw him from an elevated platform to the floor. As a result, Plaintiff alleges he suffered pain in his arm and

1  cuts on his elbow and fingers.  Plaintiff fails to allege sufficient facts to state an Eighth
2  Amendment claim for excessive force.  He does not describe the extent of the injury
3  suffered, other than pain in the arm and cuts.  Further, he does not allege that Higgins'
4  conduct was unnecessary to maintain discipline.  Plaintiff's claim against defendant Higgins
5  is dismissed, with leave to amend.

      3.     Plaintiff's Count Three Eighth Amendment excessive force claim against defendant Watcher is dismissed, with leave to amend.

Plaintiff alleges that on February 13, 2006, defendant Watcher handcuffed him to escort Plaintiff to the yard.  Plaintiff alleges that we walked toward another inmate's cell, and that Watcher jerked him from that direction, and stated Plaintiff could either go to the yard or back to his cell.  Plaintiff alleges that, after he made a derogatory statement to Watcher, Watcher placed his foot in front of Plaintiff and tripped him.  Defendant Gallagher then assisted Watcher in escorting Plaintiff to the yard.  Plaintiff alleges that, once in the yard, he yelled to other inmates that "this racist cop physically abused me."  Plaintiff alleges that he was then escorted into the sallyport out of sight of other inmates.  At that point, he alleges that correctional officers took him to the ground, and Watcher placed his knee on Plaintiff's neck while other correctional officers placed him in leg irons.  He alleges that during this time Watcher lifted his head and slammed it to the ground, which eventually cause a bruise and some swelling.  Plaintiff fails to allege sufficient facts to state an Eighth Amendment claim for excessive force.  He does not describe the extent of the injury suffered, besides a bruise and swelling, and he does not allege that defendant Watcher acted maliciously.  Plaintiff further fails to allege that Watcher's conduct was unnecessary to maintain discipline.  Plaintiff's claim against defendant Watcher is dismissed, with leave to amend.

|   |   |   |
|---|---|---|
| 1 | 4. | Plaintiff's Count Four Eighth Amendment excessive force and |
| 2 |   | deprivation claim against defendants Brown and Chastain is |
| 3 |   | dismissed, with leave to amend. |

Plaintiff alleges that on February 13, 2006, he gave Brown an account of the use of excessive force against him in a video-recorded interview.  Subsequently, Brown ordered Watcher to strip Plaintiff's cell.  After Plaintiff complained to Brown about the search of his cell, Brown contacted his supervisor, Chastain, and received permission to leave Plaintiff in the holding cage.  Plaintiff alleges he was left in the holding cage, handcuffed, until the next morning.  He alleges that he lacked access to water and a restroom, and was deprived of sleep, comfort and personal hygiene.  Plaintiff's allegations against Brown are vague and conclusory, and allege at most *de minimus* deprivations.  Plaintiff's Eighth Amendment claim against defendant Brown is dismissed, with leave to amend.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See *Monell v. Department of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the

actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Plaintiff's allegations against defendant Chastain are vague and conclusory. Defendant Chastain will be dismissed, but plaintiff will be granted leave to amend.

### B. Plaintiff's First Amendment Retaliation Claim is Dismissed, With Leave To Amend

Plaintiff's complaint fails to state a cognizable First Amendment claim of retaliation against defendants Brown and Watcher. A viable claim of First Amendment retaliation contains five elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that inmate's protected conduct and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). In *Rhodes,* the Ninth Circuit Court of Appeals held that prisoners have a First Amendment right to file prison grievances and that retaliation against prisoners for exercising this right is a constitutional violation. 408 F.3d 559, 566 (9th Cir. 2005) (internal citation omitted).

Plaintiff fails to allege sufficient facts to state a First Amendment retaliation claim against defendants Brown and Watcher. Plaintiff's claims are conclusory. He has not alleged what specific protected conduct caused Defendants to act. He has not alleged that Defendants' alleged conduct did not advance legitimate penological interests.

Accordingly,

1  THE COURT **ORDERS** that Plaintiff's complaint is DISMISSED, with leave to amend
2  within thirty days from the date of service of this Order.  Failure to file an amended
3  complaint will result in the dismissal of this action with prejudice.

5  DATED this ___29___ day of March, 2011.

_____
Lloyd D. George
United States District Judge