# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

DEVONTE B. HARRIS,

    Plaintiff,

v.

KEITH HIGGINS, *et al*.,

    Defendants.

Case No. 2:08-cv-01711-LDG

**ORDER**

    Plaintiff Devonte B. Harris moves for re-service of his complaint on defendants T. Brown, K.M. Chastain, J.G. Watcher, G. Stratton and Matt Gallagher.

    The Court ordered that the plaintiff provide the information necessary for service of process on all defendants. The plaintiff returned the required papers, and the Court ordered the US Marshal to notify the defendants of the commencement of this action and to request a waiver of service. The US Marshal filed the returned waivers of service for several of the named defendants and further filed process receipts for the above-named defendants indicating that each of the defendants could not be located. The receipt further

indicated the summons had been forwarded to the California Department of Corrections and Rehabilitation (CDCR) special investigator, and that the special investigator was unable to identify the named defendants from the information provided by the plaintiff. A review of the information provided by the plaintiff regarding the identity of each of the unserved defendants was to provide a name or initial and last name, and the prison location and capacity in which the defendant was employed. In seeking re-service, the plaintiff does not provide any further information that would further permit the successful identification of any of the unserved defendants.

A review of the Court's records indicates that defendants Watcher, Stratton, and Gallagher are not named in either of the remaining claims that have not been dismissed for failure to state a claim or failure to exhaust. The Court will not require the US Marshal to attempt re-service of the complaint upon these defendants.

The plaintiff did not seek re-service until more than nine months after the US Marshal returned the unexecuted summons, and six months after the Court dismissed three of the plaintiff's claims (naming several of the unserved defendants as well as several of the served defendants) for failure to exhaust administrative remedies. The plaintiff has not attempted to provide the Court with any additional information that would allow the identification of the individuals he seeks to be served as defendants. Under these circumstances, the Court will not order the US Marshal to engage in any further effort to serve the unserved defendants. Rather, pursuant to Fed. R. Civ. Pro. 4(m), the Court will dismiss the unserved defendants without prejudice.

A review of the docket indicates that, subsequent to dismissal of the unserved defendants, the only remaining claim in this case will be plaintiff's Fourth Claim for Relief, which names only defendant Keith Higgins. The Court has previously dismissed the claims against the other served defendants.

Therefore, for good cause shown,

THE COURT **ORDERS** that Plaintiff's Motion for Re-Service of Complaint (#44) is DENIED;

THE COURT FURTHER **ORDERS** that unserved defendants T. Brown, K.M. Chastain, J.G. Watcher, G. Stratton and Matt Gallagher are DISMISSED from this action without prejudice;

THE COURT FURTHER **ORDERS** that Plaintiff's Sixth Claim for Relief, which names only unserved defendants, is DISMISSED without prejudice;

THE COURT FURTHER **ORDERS** that not later than sixty (60) days from the date of this order, Defendant Keith Higgins shall file a motion for summary judgment or other dispositive motion with respect to Plaintiff's Fourth Claim for Relief.  Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If the Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

The COURT FURTHER **ORDERS** that Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than thirty (30) days from the date Defendant's motion is filed.

DATED this \_\_9\_\_ day of August, 2016.

_____
Lloyd D. George
United States District Judge